Richard A. Hoyer (SBN 151931)
David C. Lipps (SBN 269933)
HOYER & ASSOCIATES
240 Stockton Street, 9th Floor
San Francisco, CA  94108
*tel* (415) 956-1360
*fax* (415) 276-1738
rhoyer@hoyerlaw.com
dlipps@hoyerlaw.com

Attorneys for Plaintiff
AARON PALM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON PALM, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SUR LA TABLE, INC., a Corporation, and DOES 1–25<br><br>Defendants, | Case No. 12-cv-01250-JCS<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR WHISTLEBLOWER RETALIATION, MEAL BREAK VIOLATIONS,** *INTER ALIA*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, AARON PALM, brings this action on behalf of himself and all others similarly situated against Defendants SUR LA TABLE, INC. ("Sur la Table" or "Defendant"), and DOES 1–25 (collectively "Defendants"), and alleges as follows:

## **NATURE OF THE ACTION**

1. This action involves Plaintiff's individual claims for wrongful termination in violation of public policy and California law.  Defendants terminated Plaintiff in retaliation for Plaintiff's reporting fire safety hazards to the San Francisco Fire Marshal.

**FIRST AMENDED CLASS ACTION COMPLAINT**  1

2. This action also involves class claims for Defendants' wilful violation of California's rest break law. By company practice and written policy, Defendants systematically denied Plaintiff, and all other similarly situated non-exempt hourly employees, the rest breaks required under California law.

## PARTIES

3. Plaintiff Aaron Palm is an individual who was, at all relevant times herein, a resident of the State of California.

4. Defendant Sur la Table is a Washington corporation registered and conducting business in the State of California. Sur la Table is primarily in the business of retail, selling cookware and other house ware products. Sur la Table owns and operates approximately twenty-five retail stores throughout California.

5. Plaintiff does not know the true names and capacities of Defendants sued herein as DOES 1–25 and therefore sue these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true identity and capacities when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of these fictitiously named Defendants is responsible in some manner for the occurrences alleged herein and thereby proximately caused Plaintiff's injuries alleged herein.

6. Plaintiff is informed and believes, and on that basis alleges, that, at all relevant times, each of the Defendants was the agent or employee of each of the remaining Defendants, and, in doing the things herein alleged was acting within the course and scope of such employment, and that Defendants authorized ratified, and approved, expressly or implicitly, all of the conduct alleged herein.

/ / /

/ / /

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over Plaintiff's claims for the reasons set forth in Defendant's Notice of Removal.

8. Venue is proper in the Northern District with respect to Plaintiff's individual claims because all of the events giving rise to Defendants' liability occurred in the City and County of San Francisco, and, with respect to the class claims asserted herein, at least some of the events which give rise to Defendants' liability occurred in the City and County of San Francisco.

**FACTUAL ALLEGATIONS RELATING TO PLAINTIFF'S INDIVIDUAL CLAIMS**

9. Plaintiff was employed by Defendant as a non-exempt hourly Assistant Manager at Defendant's San Francisco Ferry Building store from May 2010 to October 19, 2011. Plaintiff was an excellent employee. He received a positive semi-annual performance review on September 20, 2011 and received consistently positive feedback about his work from his supervisors.

10. While working at the Ferry Building store, Plaintiff noticed that the storeroom in the back of the store was in disarray and overcrowded with boxes and other things. The room was so crowded that the path to the fire exit was blocked, causing a fire safety hazard. Several coworkers and a delivery person complained to Plaintiff about the hazard. In turn, Plaintiff reported the hazard to the store manager, Aysar Rida, numerous times, but Rida failed to take any action to address the problem. Thus, on September 27, 2011, Plaintiff called the San Francisco Fire Marshal and OSHA to report the hazard.

11. A Fire Marshal came to the store the next day, September 28, inspected the storeroom, and cited Defendant for the fire hazard. Later that same day, Rida called Plaintiff into her office and asked him whether he had "anything to do with the Fire Marshal"

inspecting the store.  When Plaintiff admitted that he had called the Fire Marshal, Rida printed out Plaintiff's time sheet and accused Plaintiff of being late to work on nine different days.  Five of those days occurred prior to Plaintiff's positive annual performance review on September 20, 2011, but the review had not mentioned anything about Plaintiff being late to work or anything related to Plaintiff's attendance.  Nor had Rida mentioned anything to Plaintiff about being late to work until after Plaintiff contacted the Fire Marshal.

12. Plaintiff was rarely, if ever, late.  Plaintiff's time sheet does indicate him clocking in after his scheduled start time, but that is primarily because Defendant required Plaintiff to put his personal belongings in a locker in the back and change into his uniform prior to clocking in at the register on the store floor.  On most occasions that Plaintiff clocked in after his scheduled start time, he was changing into his uniform or meeting with other employees about job-related matters.

13. Even if Rida was right that Plaintiff had been late to work on a number of days, other employees besides Plaintiff, including the store manager, were late to work, but none of them were disciplined for their tardiness.

14. In addition to reprimanding Plaintiff for being late to work, immediately after the Fire Marshal cited the store, Rida stripped Plaintiff of his Assistant Manager duties, changed his start time from 9:00 a.m. to 6:00 a.m., and assigned Plaintiff to clean up the store room, which had previously been the responsibility of the Shipping and Receiving Manager.

15. On October 16, 2011 Plaintiff was running late for work, so he called to inform the manager on duty.  Plaintiff was two minutes late that day.

/ / /

/ / /

/ / /

**FIRST AMENDED CLASS ACTION COMPLAINT** 4

16. On October 19, 2011 Rida terminated Plaintiff. When Plaintiff asked Rida why he was being terminated, Rida said that she was "not supposed to say." When Plaintiff pressed her for an answer, Rida told him that she terminated him because he had been late on October 16, 2011.

## FACTUAL ALLEGATIONS COMMON TO CLASS CLAIMS

17. During his tenure as Assistant Manager with Defendant, Plaintiff was a non-exempt hourly employee and was so classified by Defendant. Plaintiff worked alongside two other Assistant Managers, a non-exempt hourly Shipping Receiving Manager, and ten to twelve non-exempt hourly Sales Associates.

18. Each of Defendant's approximately twenty-five stores in California are staffed with similar job classifications, but the number of employees at each store varies due to differences in store size, location, and customer traffic.

19. Defendant's state-wide policy, as stated in its employee handbook, is to provide each non-exempt employee one thirty-minute meal break for every five hours of work in a day and one fifteen-minute rest break for every four hours of work in a day, *without regard to whether an employee worked a major fraction of four hours*. Such is and has been Defendant's practice for the four years preceding the filing of this Complaint. As a result, non-exempt hourly employees who worked more than six hours in a day received one thirty-minute meal break but only *one* fifteen-minute rest break.

20. Initially, when Plaintiff started working at the Ferry Building store, the store manager there allowed non-exempt hourly employees who worked seven-and-a-half hours or more in a day to have *two* fifteen-minute rest breaks during the day. However, no other store conformed to that practice, and that practice ceased when Aysar Rida became the new Ferry Building store manager some time in 2011, whereupon the Ferry Building store began

**FIRST AMENDED CLASS ACTION COMPLAINT** 5

to conform to Defendant's stated policy of only providing one fifteen-minute rest break for every four hours of work, without regard to whether an employee worked a major fraction of four hours.

## **CLASS ALLEGATIONS**

21. Plaintiff brings this class action pursuant to California Code of Civil Procedure section 382 and Business & Professions Code section 17200 *et seq.* for violations of California's wage and hour laws, on behalf of himself and all others similarly situated ("the Class"):

> Non-exempt hourly employees at any of Defendant's stores in California who worked either (a) less than four but more than three-and-a-half hours, or (b) four hours plus a major fraction of four hours, in a day during the course of their employment at any time during the four years prior to the filing of this law suit and until final judgment is entered.

22. Common questions of law and fact that exist with regard to the Class members which include, without limitation, the following:

    a. Whether Defendants failed to provide at least one ten-minute off duty rest break to Class members for every four hours (or major fraction thereof) they worked in a day.

    b. Whether Defendants failed to provide accurate compensation statements to Class members.

    c. With regard to any Class members whose employment with Defendant was discharged, whether Defendants wilfully failed to pay such Class members, at the time of their termination, all premium wages owed as a consequence for failing to provide the required rest breaks and provide accurate wage statements.

    d. Whether Defendants engaged in unfair competition proscribed by Bus. & Prof. Code § 17200 *et seq.* by engaging conduct as alleged herein.

**FIRST AMENDED CLASS ACTION COMPLAINT** 6

e. Whether Defendants violated applicable provisions of the Labor Code, including, without limitation, sections 201, 226, 226.7, 2698 *et seq.*, and the applicable Wage Order.

f. Whether Defendants should be enjoined from their unlawful practices as alleged herein.

23. The foregoing Class issues can be resolved with common methods of proof, including the following:

a. Defendant's employee handbook and other written policies and procedures;

b. Defendant's written job descriptions;

c. Defendant's electronic time-keeping records;

d. Statistical data gathered through an adequate sampling of declaration and deposition testimony.

24. With the exception of Plaintiff's individual claims, Plaintiff's claims are typical of the claims of the Class that Plaintiff seeks to represent.

25. The potential Class members are so numerous that joinder of all members would be unfeasible and impractical. The disposition of the claims through the class action procedure will benefit both the parties and the Court. The exact number of Class members is unknown to Plaintiff at this time. However, at present, it is estimated that Defendants own and operate about twenty-five stores in California, each of which employ approximately five to fifteen Class members. Adjusting for employee turnover for the four years prior to the filing of this Complaint, a reasonable estimate of the number of Class members is about 500. In any case, the number and identity of Class members are readily ascertainable through the inspection of Defendant's records.

26. Plaintiff will fairly and adequately represent and protect the interests of the Class

members. Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, including wage and hour class actions of this type.

27. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

28. The nature of this action and the nature of laws available to Plaintiff render use of the class action procedure the superior and appropriate procedure to afford relief for the wrongs herein alleged.

## FIRST CAUSE OF ACTION

### Whistleblower Retaliation

### (Individual Claim)

Plaintiff incorporates each of the foregoing paragraphs as though fully set forth herein below.

29. Defendants' conduct, as alleged herein, constitutes whistleblower retaliation in violation of public policy directed against Plaintiff in violation of Lab. Code § 1102.5.

30. As a direct result of Defendants' unlawful employment practices, as alleged herein, Plaintiff has suffered lost wages, severe emotional distress, physical pain and suffering, and injuries, in an amount to be proven at trial.

31. Defendants' conduct, as alleged herein, constitutes oppression, fraud, and/or malice within the meaning of Civ. Code § 3294 in that Defendants' conduct was intended by Defendants to cause injury to Plaintiff and/or was committed by Defendants with a wilful and conscious disregard of the rights of Plaintiff, entitling Plaintiff to an award of exemplary or punitive damages.

/ / /

/ / /

## SECOND CAUSE OF ACTION

**Failure to Provide Rest Breaks**

**(Class Claim)**

Plaintiff incorporates each of the foregoing paragraphs as though fully set forth herein below.

32. Defendants' conduct, as alleged herein, constitutes a violation of Lab. Code § 226.7, which prohibits an employer from requiring employees to work during any rest period mandated by the Industrial Welfare Commission ("IWC"). IWC Wage Order 7 requires that retail store employees receive one ten minute rest break per every four hours of work, or a major fraction thereof. Lab. Code § 226.7(b) and Wage Order 7 require employers to pay employees who miss their legally required rest breaks one hour of premium wages at the employee's regular rate of compensation for each day that the rest breaks are not provided.

33. At all times relevant herein, Defendants knowingly and intentionally failed to provide the legally required rest breaks to Plaintiff and Class members and to pay the resulting premium wages owed, as alleged herein.

34. As a direct result of Defendants' unlawful employment practices, as alleged herein, Plaintiff and the Class members have suffered lost premium wages.

## THIRD CAUSE OF ACTION

**Failure to Provide Accurate Wage Statements**

**(Class Claim)**

Plaintiff incorporates each of the foregoing paragraphs as though fully set forth herein below.

35. Defendants' conduct, as alleged herein, constitutes a violation of Lab. Code § 226(a), which requires an employer to provide employees with accurate itemized wage

statements for each pay period.  Defendants' knowingly and intentionally failed to provide Plaintiff and Class members with accurate itemized wage statements showing all premium wages owed to them for Defendants' failure to provide the legally required rest breaks.

36. As a direct result of Defendants' unlawful employment practices, as alleged herein, Plaintiff and the Class members have been injured and are entitled to penalties and attorney's fees under Lab. Code § 226(e).

## FOURTH CAUSE OF ACTION

### Waiting Time Penalties

### (Class Claim)

Plaintiff incorporates each of the foregoing paragraphs as though fully set forth herein below.

37. Defendants' conduct, as alleged herein, constitutes a violation of Lab. Code § 201(a), which requires an employer to pay an employee all earned and unpaid wages immediately upon discharge.  With regard to Plaintiff and Class members who were discharged, and at the time of their discharge, Defendants wilfully failed to pay all premium wages owed for Defendants' failure to provide the legally required rest breaks.

38. As a direct result of Defendants' unlawful employment practices, as alleged herein, Plaintiff and the Class members are entitled to penalties under Lab. Code § 203.

## FIFTH CAUSE OF ACTION

### Unfair and Unlawful Business Practices

### (Class Claim)

Plaintiff incorporates each of the foregoing paragraphs as though fully set forth herein below.

39. Defendants' conduct, as alleged herein, constitutes unfair competition in violation of

Bus. & Prof. Code § 17200 *et seq.*, which prohibits unfair business acts and/or practices.

40. As a direct result of Defendants' unfair and unlawful business practices, Plaintiff and Class members have suffered lost premium wages and are entitled to penalties and attorney's fees.

## **SIXTH CAUSE OF ACTION**

### **Preliminary and Permanent Injunction**

### **(Class Claim)**

Plaintiff incorporates each of the foregoing paragraphs as though fully set forth herein below.

41. Defendants have violated various provisions of the Labor Code, Business and Professions Code and IWC Wage Order as alleged herein and will continue to violate such laws if they are not enjoined from doing so.

42. Because of the continuing nature of Defendants' violations, Plaintiff and the Class members have an inadequate remedy at law. Monetary compensation alone will not afford adequate and complete relief to Plaintiff and Class members because it is impossible to determine the amount of damages that will compensate them for Defendants' future unlawful practices. If Defendants are not enjoined from the unlawful practices, as alleged herein, Plaintiff, the Class members, and future employees subject to such continuing practices will be forced to bring a multiplicity of legal actions in order to obtain adequate relief.

43. Plaintiff requests that the Court issue a preliminary and permanent injunction requiring Defendant to provide all employees who fall within any of the job classifications covered by the Class all applicable rights afforded by the Labor Code and IWC Wage Order and inform them of such rights, which include, without limitation, (1) adequate rest breaks—

specifically a rest break for every four hours of work, or every major fraction thereof, (2) accurate wage statements, and (3) payment of all earned wages upon termination, including unpaid premium wages.

## SEVENTH CAUSE OF ACTION

### Declaratory Relief

### (Class Claim)

Plaintiff incorporates each of the foregoing paragraphs as though fully set forth herein below.

44. An actual controversy has arisen between Plaintiff and Class members on the one hand, and Defendants on the other, as to their respective rights, remedies and obligations with regard to Plaintiff's allegation that Defendants failed to provide Plaintiff and the Class members the legally required rest breaks, in violation of Lab. Code § 226.7 and IWC Wage Order 7.

45. Plaintiff therefore seeks a declaratory judgment as to the respective rights, remedies, and obligations of the parties.

## EIGHTH CAUSE OF ACTION

### Private Attorney General Act Penalties and Attorney's Fees

### (Individual and Class Claim)

Plaintiff incorporates each of the foregoing paragraphs as though fully set forth herein below.

46. As a result of Defendants' unlawful employment practices, as alleged herein, Plaintiff and the Class members are entitled to penalties and attorney's fees pursuant to the Labor Code Private Attorneys General Act of 2004, Lab. Code § 2698 *et seq.*

47. Plaintiff has complied with the notice requirements set out in Lab. Code § 2699.3 by

notifying, via certified mail, the California Labor Workforce and Development Agency ("LWDA") and Defendant of the specific provisions of the Labor Code that Plaintiff alleges Defendant violated and the facts and theories that support Plaintiff's allegation. Thirty-three days passed after Plaintiff mailed such notice, and Plaintiff received no notice from the LWDA of its intention to investigate the alleged violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Court order Defendants to pay damages to Plaintiff to compensate him for lost wages and benefits, together with interest at the legal rate;

2. That the Court order Defendants to pay damages to Plaintiff to compensate him for emotional distress and injuries, according to proof at trial;

3. That the Court order Defendants to pay Plaintiff exemplary or punitive damages pursuant to Civ. Code § 3294;

4. That the Court order Defendants to pay damages to compensate Plaintiff and the Class members for lost premium wages, together with interest at the legal rate;

5. That the Court order Defendants to pay all applicable penalties arising from their unlawful conduct, as alleged herein;

6. That the Court declare Defendants' conduct, as alleged herein, to be unlawful;

7. That the Court enjoin Defendants from continuing to engage in unlawful conduct, as alleged herein;

8. That the Court order Defendant to pay Plaintiff attorney's fees and costs pursuant to Code Civ. Proc. § 1021.5, Lab. Code § 226(e), and Lab. Code § 2698(g), and;

9. Such other relief as the Court deems just and proper.

/ / /

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and the Class, hereby demands a jury trial on all causes of action and claims with respect to which he and/or the Class have a right to jury trial.

Date: March 20, 2012

HOYER & ASSOCIATES

David C. Lipps
Attorney for Plaintiff
AARON PALM