Richard A. Hoyer (SBN 151931)
David C. Lipps (SBN 269933)
HOYER & ASSOCIATES
240 Stockton Street, 9th Floor
San Francisco, CA 94108
*tel* (415) 956-1360
*fax* (415) 276-1738
rhoyer@hoyerlaw.com
dlipps@hoyerlaw.com

Attorneys for Plaintiff
AARON PALM


GIBSON, DUNN & CRUTCHER LLP
MICHELE L. MARYOTT (SBN 191993)
MMaryott@gibsondunn.com
LYNN HANG (SBN 245576)
LHang@gibsondunn.com
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: (949) 451-3800
Facsimile: (949) 451-4220

Attorneys for Defendant,
SUR LA TABLE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON PALM, on behalf of himself and all others similarly situated,<br><br>            Plaintiffs,<br><br>   vs.<br><br>SUR LA TABLE, INC., a Corporation, and DOES 1–25<br><br>            Defendants, | Case No. 12-cv-01250-JCS<br><br>**STIPULATION TO FILE FIRST AMENDED COMPLAINT** |

**STIPULATION TO FILE FIRST AMENDED COMPLAINT**                                                           1

1. WHEREAS, on February 10, 2012 Plaintiff AARON PALM notified by certified mail the California Labor and Workforce Development Agency ("LWDA") and Defendant SUR LA TABLE, INC. of his intent to amend his complaint to add a cause of action for civil penalties and attorney's fees pursuant to the California Private Attorneys General Act ("PAGA"), Cal. Labor Code § 2698 *et seq.*, identifying the specific provisions of the Labor Code alleged to have been violated including the facts and theories supporting the alleged violations;

2. WHEREAS, Plaintiff asserts that the LWDA has not provided notice to Plaintiff of its intent to investigate the alleged violations within thirty-three days of Plaintiffs' notice;

3. WHEREAS, pursuant to Cal. Labor Code §2699.3(a)(2)(C), "a plaintiff may as a matter of right amend an existing complaint to add a cause of action" for PAGA penalties within sixty days of the LWDA's thirty-three day deadline;

4. WHEREAS, federal courts have held that section 2699.3(a)(2)(C) directly conflicts with the Federal Rules of Civil Procedure regarding amendment (*see, e.g. De Simas v. Big Lots Stores, Inc.* (N.D. Cal.) 2007 WL 686638), so the Federal Rules govern;

5. WHEREAS, Fed. R. Civ. Proc. 15(a)(2) provides that a party may amend its pleading with the opposing party's written consent or with the court's leave, and courts shall freely grant leave to file amended complaints, when justice so requires;

6. WHEREAS, Plaintiff provided to Defendant a copy of the proposed First Amended Complaint, attached hereto as Exhibit 1, and Defendant has agreed to stipulate to its filing;

7. THEREFORE, THE PARTIES STIPULATE THAT Plaintiff may file the proposed First Amended Complaint. The parties understand and agree that Defendant's stipulation does not constitute an admission or acknowledgement as to the truth or validity of the claims alleged in the First Amended Complaint.

8. THE PARTIES FURTHER STIPULATE THAT Defendant waives notice and service of the amended complaint and shall not be required to answer the amendment. In the event Defendant chooses not to respond to the amended complaint, all denials, responses, and affirmative defenses contained in the answer filed by Defendant to the original complaint shall be responsive to the amended complaint. However, in the event Defendant chooses to respond to the amended complaint, Defendant shall have 21 days after service of the amended complaint to answer or otherwise respond to Plaintiff's amended complaint. N.D. Cal. L.R. 6-1(a).

Date: March 20, 2012

HOYER & ASSOCIATES

David C. Lipps
Attorney for Plaintiff
AARON PALM

Date: 3/23/12

GIBSON, DUNN & CRUTCHER LLP

Michele L. Maryott
Lynn Hang
Attorneys for Defendant
SUR LA TABLE, INC.

Dated: March 28, 2012



IT IS SO ORDERED
Judge Joseph C. Spero
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA