HOYER & ASSOCIATES
Richard A. Hoyer (SBN 151931)
rhoyer@hoyerlaw.com
David C. Lipps (SBN 269933)
dlipps@hoyerlaw.com
4 Embarcadero Center, Ste. 1400
San Francisco, CA 94111
*tel* (415) 766-3535
*fax* (415) 276-1738

Attorneys for Plaintiff
AARON PALM

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON PALM, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SUR LA TABLE, INC., a Corporation, and DOES 1–25<br><br>Defendants, | Case No. 12-cv-01250-JCS<br><br>[~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT<br><br>Date: August ~~2~~ 5, 2013<br>Time: 9:30 a.m.<br>Dept.: SF, 15th Fl., Crtrm. G<br>Judge: Hon. Joseph C. Spero |

On August ~~2~~ 5, this Court conducted a hearing on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Motion"). Hoyer & Associates appeared on behalf of Plaintiff Aaron Palm. Gibson, Dunn & Crutcher LLP appeared on behalf of Defendant Sur la Table, Inc. The Court has been advised that the parties to this action, through their respective counsel, have agreed to settle this class action upon the terms and conditions set forth in the Motion. Based upon Plaintiff's Motion, its accompanying declarations and exhibits filed therewith, and all other papers and records filed in this action, the Court finds

as follows:

1. The requirements of conditional class certification for the purposes of settlement have been met.

    a. The proposed class is so numerous that joinder of all members is impracticable.

    b. There are issues of fact and law common to all class members, and such common issues predominate over individualized issues.

    c. Plaintiff's claims are typical of the class members he seeks to represent, and there are no apparent conflicts of interest between Plaintiff and the class.

    d. Plaintiff is an adequate class representative.

    e. Plaintiff's counsel is fully qualified to serve as class counsel.  Lead counsel for Plaintiff is an experienced employment and class action litigator.  He has been counsel in a number of complex litigation and class action cases.  There are no apparent conflicts of interest posed by appointment of Plaintiff's counsel as class counsel.

2. The proposed Stipulation of Settlement ("Settlement Agreement") appears to be the product of serious, informed, noncollusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval because it appears to be fair, reasonable, and adequate in all respects.

3. The proposed method of notice is reasonable and comports with due process because it apprises Potential Class Members of the pendency and nature of the action, the terms of settlement, including the nature of the release and the estimated amount of each individual's award, instructions to opt-out, challenge the basis for the

award, or object, and notice of the final approval hearing, among other pertinent information.  The Notice Period is reasonable as it provides sufficient time for Potential Class Members to opt out, object, or challenge the basis for their estimated recovery.

**IT IS HEREBY ORDERED** that:

1. This Court hereby incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in that Settlement Agreement.
2. This Court conditionally certifies a settlement class as defined in the Settlement Agreement.
3. This Court preliminarily appoints Plaintiff Aaron Palm as class representative.
4. This Court preliminarily appoints Richard A. Hoyer, his associate David C. Lipps, and the law firm of Hoyer & Associates as class counsel.
5. This Court preliminarily approves the Settlement Agreement.
6. This Court appoints Rust Consulting, Inc. as Settlement Administrator.
7. This Court adopts the procedures and timeframes specified in the Settlement Agreement regarding opting out, objecting, and challenging the basis for an estimated recovery.
8. This Court approves, as to form and content, the Class Notice and authorizes the notice to be prepared and mailed to Potential Class Members in accordance with the procedures and timeframes specified in the Settlement Agreement.
9. The Final Approval Hearing shall be held at __October 18, 2013__ (date) and __1:30 PM__ (time) in Courtroom G on the 15th floor of this Court to

1  determine whether the Settlement Agreement should be finally approved as fair,
2  reasonable, and adequate.
3  10. Should the Court grant final approval of the Settlement Agreement, the Court shall
4  enter Judgment in accordance with the Settlement Agreement. In which case, all
5  Potential Class Members who have not submitted valid and timely exclusion forms
6  will be considered part of the Settlement Class and will be barred from asserting any
7  Released Claims against Defendant and the affiliated Released Parties.
8  11. This Court adopts the following implementation schedule:

| Date | Activity |
| --- | --- |
|  | Date of preliminary approval order |
| 30 days after preliminary approval | Administrator to mail notice |
| 10 days after notice mailed | Administrator to provide notice to counsel for the parties that notice has been mailed |
| 45 days after notice | PCMs to mail opt-out form or objection notice |
| 28 ~~21~~ days before final approval hearing | Administrator to provide (1) number of notices mailed and (2) list of all PCMs who submitted timely opt-out forms |
| 21 ~~14~~ days before final approval hearing | Plaintiff to file final approval motion |
| 21 ~~14~~ days before final approval hearing | Plaintiff to file application for attorneys' fees and costs |
| 10/18/13 at 1:30 PM | Final approval hearing<br><br>(Per the Class Action Fairness Act, this must be scheduled after October 13, 2013, 100 days after the filing of the Motion for Preliminary Approval.) |
| TBD | Final order and judgment |
| TBD | Effective date |
| 15 days after effective date | SLT to deliver the settlement funds to the Administrator |
| 30 days after | Administrator to distribute payments to the SCMs and any |

| | |
|---|---|
| effective date | approved amounts to Class Counsel and Plaintiff |
| 135 days after effective date | Administrator to distribute any un-deposited or otherwise remaining funds to the *cy pres* beneficiary and provide certification of completion of settlement administration to counsel for the parties |

Date:  08/05/13

IT IS SO ORDERED.



Hon. Joseph C. Spero
United States Magistrate Judge

[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS SETTLEMENT AGREEMENT

5