HOYER & ASSOCIATES
Richard A. Hoyer (SBN 151931)
rhoyer@hoyerlaw.com
David C. Lipps (SBN 269933)
dlipps@hoyerlaw.com
4 Embarcadero Center, Ste. 1400
San Francisco, CA 94111
*tel* (415) 766-3535
*fax* (415) 276-1738

Attorneys for Plaintiff
AARON PALM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON PALM, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SUR LA TABLE, INC., a Corporation, and DOES 1–25<br><br>Defendants, | Case No. 12-cv-01250-JCS<br><br>[~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AGREEMENT, ENHANCEMENT AWARD, ATTORNEY'S FEES, AND COSTS<br><br>**FINAL JUDGMENT**<br><br>Date:  November 22, 2013<br>Time:  9:30 a.m.<br>Dept.:  SF, 15th Fl., Crtrm. G<br>Judge:  Hon. Joseph C. Spero |

      Based upon Plaintiff's Motion for Final Approval of Class Action Settlement and Motion for Enhancement Award, Attorney's Fees, and Costs, its accompanying declarations and exhibits filed therewith, and all other papers and records filed in this action, the Court finds as follows:

1.    This Court hereby incorporates by reference the definitions in the Settlement

      Agreement, and all terms used herein shall have the same meanings as set forth in

1  that Settlement Agreement.

2. The proposed Stipulation of Settlement ("Settlement Agreement") is the product of serious, informed, noncollusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and is fair, reasonable, and adequate in all respects.

3. The Class Notice given to the Settlement Class Members fully and accurately informed the class of all material elements of the proposed Settlement and of their opportunity to object to or comment thereon; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the Federal Rules of Civil Procedure, the United States Constitution, due process, and other applicable law. The Class Notice fairly and adequately described the Settlement and provided Class Members adequate instructions and a variety of means to obtain additional information. A full opportunity has been afforded to the Class Members to participate in the Final Settlement Fairness Hearing.

4. No objections have been made by any class member.

5. The Class Administrator's estimated costs of $30,000 are reasonable.

6. The ~~$15,000~~ $5,000. - JCS enhancement award allocated under the Settlement Agreement to Plaintiff is warranted, fair, and reasonable given the nature and extent of Plaintiff's involvement.

7. The $250,000 allocated under the Settlement Agreement for Class Counsel's attorney's fees is warranted, fair, and reasonable. The attorneys of Hoyer & Associates spent hundreds of hours bringing this case to a successful resolution, all without any guarantee of payment.

     a.     Class Counsel's attorney hours are reasonable.

     b.     Richard A. Hoyer's hourly rate of $625 is reasonable given his credentials and breadth of experience as compared with the prevailing rates of other similarly qualified attorneys in the San Francisco Bay Area.

     c.     David C. Lipps's hourly rate of $325 is reasonable given his credentials and experience as compared with the prevailing rates of other similarly qualified attorneys in the San Francisco Bay Area.

     d.     Ryan L. Hicks's hourly rate of $375 is reasonable given his credentials and experience as compared with the prevailing rates of other similarly qualified attorneys in the San Francisco Bay Area.

     e.     Allison Donahoe's hourly rate of $295 is reasonable given her credentials and experience as compared with the prevailing rates of other similarly qualified attorneys in the San Francisco Bay Area.

8.     Class Counsel's litigation costs of $31,751.75 is warranted, fair, and reasonable.

**IT IS HEREBY ORDERED** that:

1.     This Court appoints Plaintiff Aaron Palm as class representative.

2.     This Court appoints Richard A. Hoyer, his associate David C. Lipps, and the law firm of Hoyer & Associates as class counsel.

3.     This Court approves the Settlement Agreement.

4.     The Court orders payment of the Settlement Funds to be distributed in accordance with the Settlement Agreement as follows:

     a.     $7500 to the Labor and Workforce Development Agency for payments under the PAGA;

b. $30,000 to Rust Consulting, Inc. for administration of the settlement;
   $5,000. - JCS

c. ~~$15,000~~ to Class Representative Plaintiff Aaron Palm as an enhancement award;

d. $250,000 to Class Counsel Hoyer & Associates for reasonable attorney's fees;

e. $31,751.75 to Class Counsel Hoyer & Associates for reasonable litigation costs;
   $275,748.25- JCS

f. ~~$ 265,748.25~~ to the Net Settlement Fund, to be distributed to the Settlement Class in accordance with the terms of the Settlement Agreement;

g. Any funds not deposited by class members within the timeframe established by the Settlement Agreement shall be distributed to the *cy pres* beneficiary, Bay Area Legal Aid.

5. Entry of this Final Approval Order and Judgment shall constitute a full and complete bar against the Settlement Class Members, as to all the claims released by the Settlement Agreement.

6. Nothing contained in the Settlement Agreement, the Preliminary Approval Order, this Final Approval Order and Judgment, or any other order entered in this action shall constitute an admission or determination of liability by or against Defendant, or any other Released Parties with respect to any of the claims and causes of action asserted by the Settlement Class, and shall not be offered in evidence in any action or proceeding against Defendant, or any other Released Parties in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to the extent necessary to enforce the provisions of the Settlement Agreement or this Order and Judgment

7. By operation of the entry of this Final Approval Order and Judgment, as of the Effective Date, the Parties, Settlement Administrator, and Settlement Class Members are ordered to perform their respective duties and obligations under the Settlement Agreement.

8. If the Settlement does not become final and effective in accord with the terms of the Settlement Agreement, then this Final Approval Order and Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered, including but not limited to all releases delivered in connection herewith, shall be null and void.

## JUDGMENT

In accordance with, and for the reasons stated in the foregoing Final Approval Order, judgment shall be entered whereby Plaintiff and all Settlement Class Members shall take nothing from Defendant by this action, except as expressly set forth in the Settlement Agreement. The Court shall have continuing jurisdiction over the construction, interpretation, implementation, and enforcement of the Settlement Agreement in accordance with its terms, and over the administration and distribution of the settlement funds.

Date: 11/22/13

IT IS SO ORDERED
IT IS SO ORDERED AS MODIFIED

Hon. Joseph C. Spero
United States Magistrate Judge

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AGREEMENT, ENHANCEMENT AWARD, ATTORNEY'S FEES, AND COSTS